# OCTOBER TERM, 1912.

## BEAKES v. BOARD OF STATE CANVASSERS.

1. ELECTIONS — PRIMARY ELECTION — REPRESENTATIVE — CONGRESSIONAL ELECTIONS—COUNTIES.

   Under Act No. 281, Pub. Acts 1909, as amended by Act No. 279, Pub. Acts 1911, 1 How. Stat. (2d. Ed.) § 505 *et seq.*, providing that candidates at primary elections may file a petition for a recount with the board of the county or city where he conceives that he was aggrieved, and including congressional representatives within the operation of the law, a recount may be granted in any county within the district of the candidate for congressional representative; this section of the primary act is not limited to districts comprising only one county.

2. SAME—EVIDENCE—JUDICIAL NOTICE.

   The court will take judicial notice that with one exception the congressional districts into which the State is divided are composed of more than one county.

3. SAME—RETURN OF BOARD—STATE BOARD OF CANVASSERS.

   Nor is the candidate precluded by the fact that the county board made a return to the State board of canvassers before the time for demanding a recount had elapsed.

4. SAME—NOTICE OF RECOUNT—PRIMARY ELECTIONS.

   The statute does not require notice to the State board of the pending recount.

5. SAME—MANDAMUS.

   It was not a ground for denying the writ of mandamus against the State board of canvassers, after a recount resulting in relator's nomination, that a mandamus proceeding commenced in the circuit court questioning the correctness of the recount remained undetermined, when it appeared from a copy of the proceedings that a number of uninitialed ballots had been improperly counted for both candidates, and, excluding them, relator was nominated.

(408)

6. SAME.

> The point that illegal votes were cast in another county of the
> district cannot be considered; the question can only be de-
> termined by a recount, which was not demanded in the other
> county.

Mandamus by Samuel W. Beakes against the board of
State canvassers to compel respondents to issue to relator
a certificate of nomination as democratic candidate for
representative in Congress.   Submitted October 15, 1912.
(Calendar No. 25,366.)   Writ granted October 23, 1912.

*Miller, Smith, Paddock & Perry* (*Herbert R. Clark*
and *Sidney T. Miller*, of counsel), for relator.

*Thomas A. Lawler*, Deputy Attorney General (*John
C. Howell* and *J. N. Sampson*, of counsel), for respond-
ent.

McALVAY, J.   This proceeding was instituted by re-
lator, asking for a writ of mandamus to compel the State
board of canvassers to reconvene forthwith, and to set
aside and cancel a certain certificate of nomination here-
tofore issued to Bert D. Chandler, and to compel said
board to issue to relator a certificate of nomination as
democratic candidate for the office of representative in
Congress for the second congressional district of this State
and to compel said board to issue such certificate to
relator.

It appears from the record that petitioner and said Bert
D. Chandler were the only candidates at the primary elec-
tion in August, 1912, whose names appeared upon the
official ballot as candidates for the democratic nomination
for representative in Congress in the said second congres-
sional district, which comprises the counties of Jackson,
Monroe, Washtenaw, Lenawee, and part of Wayne.   The
first count by the county board of canvassers in said dis-
trict showed that Mr. Chandler had received 2,587 votes
and relator 2,570 votes.

Relator, under the provisions of the primary election

law, filed his petition with the Lenawee county board of canvassers during its sessions, and before adjournment, asking for a recount of the said votes cast at such primary election in said county. This petition was considered by said board on its merits, and an order granting such recount was duly made on September 7, 1912. At an adjourned day such recount was had, which changed the result of said election in favor of petitioner, giving in said county Mr. Chandler 979 votes, instead of 1,004 votes, and petitioner 282 votes, instead of 285 votes—a net loss to Mr. Chandler of 22 votes.

A regular statement by the board of county canvassers of this result was duly made and certified, as required by law, on September 19, 1912, and was at once forwarded to the board of State canvassers. By this statement the result of the primary election for such nomination in that congressional district was changed, and petitioner had a majority of the votes cast for democratic candidates for nomination for the office of representative in Congress for the second congressional district. He contends that he is entitled to a nomination certificate from the board of State canvassers as democratic nominee of the office mentioned.

On the day before relator's petition for the recount was filed, the Lenawee board of county canvassers certified and returned, as required by law, its statement of the first count which it had made to the State board of canvassers, which, upon such statement, issued a certificate of nomination to Mr. Chandler. After the result of the recount in Lenawee county had been forwarded by the board of county canvassers to the State board of canvassers, relator filed a petition with said last-named board, asking that it reconvene and cancel the certificate issued to Mr. Chandler and forthwith issue a certificate of nomination as democratic candidate for such office to petitioner. This the respondent board of State canvassers refused to do, and these proceedings were instituted and an order to show cause issued.

The answer of the respondent board to said order ad-

mits all the material allegations of fact averred therein. It alleges that no notice was given to it by relator of his application for a recount in Lenawee county, and that the refusal and neglect to grant petitioner's request to recall and cancel the certificate issued to Mr. Chandler and to issue one to relator was not wilful, and also sets up certain proceedings for a writ of mandamus in the circuit court of Lenawee county which question the validity of the recount relied upon by relator, and also that certain affidavits had been filed with it, to the effect that there were irregularities in such primary election in certain districts in Monroe county, and denies that under the primary election law (being Act No. 281, Pub. Acts 1909, as amended by Act No. 279, Pub. Acts 1911; 1 How. Stat. [2d Ed.] § 505 *et seq.*) there is any provision for a recount of the votes cast at a primary election for candidates for offices in districts comprising more than one county.

The contention of relator is that he conformed with all the requirements provided by the present primary election law; that the petition for recount, as required, was filed with the board of county canvassers in due season; that all of the proceedings taken upon such recount were regular, and that the county canvassers' statement and return of the result of such recount were regularly made to the State board of canvassers; and that the result shows that he is entitled to a certificate.

The respondent board contends, among other things, that—

"The primary election law does not authorize a recount by a board of county canvassers for candidates for office in districts comprising more than one county."

If this is correct, then relator in these proceedings must be denied any relief.

The law of 1907 was repealed by Act No. 281, Pub. Acts 1909. Section 40 of this act reads as follows:

"Any candidate voted for at any primary election provided for in this act who conceives himself aggrieved

* * * may, on or before the close of the day or days upon which the board of city or county canvassers meet, present to and file with the chairman or secretary of the particular board of the county or city in which the recount is asked, a written or printed petition, which shall be sworn to, and shall set forth as near as may be the nature of the errors or fraud complained of, and the particular township, ward or precinct in which the alleged irregularities occurred, and ask for a recount of the votes cast therein. * * * It shall be the duty of said board of canvassers to investigate the facts set forth in said petition," etc.

This is the only section making any provision for a recount of the votes cast at a primary election. By its terms it includes *all candidates* voted for at any primary election. It designates *only* county and city boards of canvassers as the boards to receive petitions and make such recounts. In this respect it differs from Act No. 4, Pub. Acts 1907 (Special Session), which it repealed, and does not include the *board of State canvassers*, as provided in the former law.

As already shown by the quotation from section 40, all candidates voted for at any primary election may make application for a recount only, under its provisions, to boards of *county* or *city* canvassers in which a recount is asked. This court will take judicial notice that with one exception the congressional districts into which this State is divided are composed of more than one county. That this was recognized by the legislature, clearly appears in this primary election law.

Section 17, as amended, provides that:

" In every congressional district in this State there shall be nominated at the said August primary election, by direct vote of the enrolled voters of each political party within such district, a party candidate for representative in congress." Act No. 279, Pub. Acts 1911, p. 486.

All of the preliminary requirements by the statute necessary to be performed by candidates desiring to have their names printed upon the official primary election ballot need

not be stated. It is necessary that all candidates file nomination petitions signed by a certain per cent. of the votes cast at the preceding election. For the purposes of this case, as relating to districts comprising more than one county, the following provisions quoted from this law will be sufficient:

Section 26 provides:

"* * * In a district comprising more than one county to obtain the printing of the name of any candidate of any political party upon the primary election ballots of such political party in the various voting precincts of said district, there shall be filed with the secretary of State nomination petitions, signed by a number of the enrolled voters residing in said district, and who are enrolled in the party enrollment of said party, equal to not less than two per centum nor more than four per centum of the number of votes that the party cast therein for secretary of State at the last preceding November election."

After these nomination petitions are filed under the provisions of the law, section 31 provides:

"The secretary of State * * * shall forthwith, after the last day named herein for receiving and filing nomination petitions, certify to the proper board or boards of election commissioners in such * * * district * * * the names * * * of all party candidates whose petitions meet the requirements of this act. * * *"

By section 38 provision is made for the canvass of the returns of primary elections, as follows:

"In the case of nominations for United States senator, governor, or lieutenant governor, or officers from districts comprising more than one county, the county clerks of each county affected shall transmit to the secretary of State * * * certified copies of the number of votes received by each of the candidates for the nomination of any of the said offices."

It also provides that the secretary of State shall convene the board of State canvassers at his office, which shall proceed to canvass such returns, as follows:

"In canvassing the votes of candidates for members of

Congress, * * * in districts composed of more than one county, said board shall proceed in like manner as is done in the canvassing of votes cast for members of Congress."

Section 39 provides who shall be declared the nominee:

"The candidate of each political party for nomination for any office who receives the greatest number of votes cast for candidates for any such office as set forth in the returns or as determined, by the board of canvassers on the recount by it of said ballots, shall be declared the nominee of that political party for said office, * * * and the board of canvassers shall forthwith certify such nominations to the respective boards of election commissioners affected thereby."

From an examination of the primary election law and a consideration of its provisions as herein stated, we arrive at the conclusion that it does authorize a recount by the boards of county canvassers of the several counties for candidates for office in districts comprising more than one county.

It is also the contention of respondent that relator has had his day in court, and cannot now require it to reconvene and hear new evidence. This contention is based upon the proposition that the first statement and return of the county board of canvassers is conclusive upon relator. We cannot agree with this contention. The entire statute shows the legislative intent that a candidate who follows its provisions shall be entitled to a recount. It follows that if his claims are established he is entitled to the benefit of the favorable result which the recount gives him. This contention may be founded upon the claim that respondent board had no notice of this recount. A sufficient answer to this claim is that the statute, neither in fact nor by inference, requires any such notice.

Respondent further alleges that the writ should be denied relator, because the correctness of this recount is questioned in the Lenawee circuit court, and the proceedings are undetermined. The record contains a copy of the petition by Mr. Chandler, praying for a mandamus against

the board of county canvassers of Lenawee county to compel it to reconvene and recount, claiming that the recount had on relator's petition was illegal. In that proceeding, from a certified copy thereof filed in this court, it appears that the court allowed the relator to intervene, and upon a hearing found that a large number of uninitialed ballots had been cast and improperly counted for both Mr. Chandler and Mr. Beakes, which should have been rejected, and that the actual net result was many more votes for the relator in this proceeding than were found upon his recount. Therefore the result of these proceedings was favorable to relator.

The claim is also made by the respondent board that there were affidavits filed with it, which are attached to its answer, by which it appears that there were illegal votes cast in Monroe county in said district, which, if true, would overcome relator's majority. This contention is without merit, for the reason that no recount of any votes in Monroe county has been asked for or had by any candidate, and such questions can only be raised upon a recount. The affidavits referred to were not papers which could properly be filed with respondent board, or be considered by it.

The foregoing consideration of this statute, known as the primary election law, as amended, discloses a legislative intent to provide a workable piece of legislation; and the duty of the court in its construction is, if possible, to give force and effect to all of its provisions. In our opinion, so far as the questions involved in this proceeding are concerned, the provisions of this law are not ambiguous. It in terms provides means whereby candidates, by following its provisions, may have errors and frauds corrected. The time in which, for the purpose of the recount, a candidate, must avail himself of his rights under it is fixed and certain. The action of the county board of canvassers in making its certified statement and return of the first count before the time expired in which relator could file his petition for a recount was premature and of no legal

effect; and the only certified statement and return upon which respondent board can act in deciding who is entitled to a nomination certificate is the one " determined by the board of canvassers on the recount by it," duly certified as required by statute to the respondent board; and the board to make certification under the provisions of this law in this case is the county board of canvassers of Lenawee county.

Our conclusion therefore is that relator is entitled to the relief prayed, and a writ of mandamus will issue, requiring the respondent board of State canvassers to reconvene, and to set aside and cancel the certificate of nomination heretofore issued to Bert D. Chandler, and to issue to relator a certificate of nomination as democratic candidate for the office of representative in Congress for the second congressional district of this State.

MOORE, C. J., and STEERE, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.